UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RICHARDO LEODORO URBINA,

        Petitioner,

v.

ROBERT MENDHAM,

        Respondent.

_____/

Case No. 1:19-cv-355

Honorable Gordon J. Quist

## OPINION

      This is a habeas corpus action brought by a federal detainee under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "the person detained is not entitled [to habeas relief]." 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking a preliminary review, the Court concludes that the petition must be dismissed because habeas corpus relief is not available for Petitioner's claims.

## Discussion

### I. Factual allegations

      Petitioner Richardo Leodoro Urbina is presently detained at the Newaygo County Jail in White Cloud, Michigan. He was initially detained pursuant to the March 15, 2018, order of Magistrate Judge Ellen S. Carmody in Petitioner's criminal prosecution in this Court, *United States v. Urbina,* 1:18-cr-51 (W.D. Mich.). When Petitioner filed his petition on April 29, 2019, he was detained pending trial. Petitioner has since been tried before the Honorable Janet T. Neff

and a jury. The jury found Petitioner guilty of nine sex trafficking crimes and two cocaine distribution crimes. *Urbina,* No. 1:18-cr-51 (W.D. Mich. May 14, 2019). Based upon the jury's verdict, the trial court continued Petitioner's detention pending sentencing, currently scheduled for September 23, 2019.

On April 29, 2019, Petitioner filed his habeas corpus petition. The petition is a virtually empty form. The blanks provided to explain the grounds for habeas relief ask the Court to "see attached" with respect to habeas grounds I and IV and indicate "N/A"—presumably not applicable—with respect to habeas grounds II and III. (Pet., ECF No. 1, PageID.6-7.)

There is nothing attached to the petition. The only hint at the substance of Petitioner's habeas challenge appears in the section titled "Decision or Action You Are Challenging," wherein Petitioner indicates: "Lack of Jurisdiction." (Pet., ECF No. 1, PageID.1-2.) That hint points toward Petitioner's motion to dismiss for lack of jurisdiction, titled "Writ to Dismiss for Lack of Jurisdiction," filed in the criminal case on the same day Petitioner filed his habeas petition. The trial court immediately denied Petitioner's request for relief without hearing because it had previously considered and rejected jurisdictional challenges at a motion hearing on October 17, 2018, and the final pretrial conference on April 26, 2019. *Urbina,* No. 1:18-cr-51 (W.D. Mich. May 1, 2019).

Petitioner's most recent challenges to the trial court's jurisdiction are founded upon his claim that there is no lawful indictment. That claim, in turn, depends on the following contentions: (1) there were flaws in the grand jury proceedings; (2) the government did not own

the places where the alleged crimes occurred; and (3) there were flaws in the Congressional proceedings enacting the federal criminal statutes.[1]

## II. § 2241 Claims Challenging Federal Pretrial or Prejudgment Detention

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee or a person detained pending sentence. Where a pretrial detainee challenges the constitutionality of a pretrial—or prejudgment—detention, the detainee must pursue relief under 28 U.S.C. § 2241. *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Petitioner seeks relief under that section.

The Supreme Court has cautioned that regular federal criminal proceedings, not habeas corpus proceedings, are the proper venue to resolve the very challenges that Petitioner raises in his petition, *i.e.*, "disputed questions of fact, and . . . disputed matters of law, [that] relate to the sufficiency of the indictment or the validity of the statute on which the charge is based." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). Similarly, in *Johnson v. Hoy*, 227 U.S. 245 (1913), the Supreme Court rejected a habeas petition by a pretrial detainee who objected to excessive bail and claimed that the statute under which he had been indicted was unconstitutional, stating:

> The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases . . . . [The petition] is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on habeas corpus

---

[1] These contentions have a slightly different focus than the claims resolved on October 17, 2018 (speedy trial violation) and April 26, 2019 (search warrant challenges and challenges to state pretrial detention prior to federal arrest and pretrial detention), but they are all presented as challenges to the Court's jurisdiction.

the constitutionality of the statute under which he was indicted, was decided in *Glasgow v. Moyer*, 225 U.S. 420 (1912). That and other similar decisions have so definitely established the general principle as to leave no room for further discussion. *Riggins v. United States*, 199 U. S. 547 (1905).

*Johnson*, 227 U.S. at 247.

In *Medina v. Choate*, 875 F.3d 1025 (10th Cir. 2017), the United States Court of Appeals for the Tenth Circuit collected the "remarkably few" published appellate opinions on the matter in the past century:

> In 1948 the D.C. Circuit declared that "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." *Pelley v. Botkin*, 152 F.2d 12, 13 (D.C. Cir. 1945) (refusing to hear pretrial habeas challenge to constitutionality of statute). More recently, two circuit courts have criticized use of § 2241 to challenge pretrial detention orders rather than proceeding under 18 U.S.C. § 3145. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming district court's refusal to entertain § 2241 petition); *Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988) (prisoner ordinarily should proceed under § 3145). The Seventh Circuit was more definitive in an unpublished opinion, declaring, "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010). Unpublished opinions in this circuit have taken the same view. As we explained in one of those opinions:
>
>> To be eligible for habeas relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."
>
> *Hall v. Pratt*, 97 F. App'x 246, 247-48 (10th Cir. 2004) (citations omitted*); accord Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014); *Ray v. Denham*, 626 F. App'x 218, 219 (10th Cir. 2015). Although the earlier cases did not speak in terms of exhaustion of remedies in federal court, as we have in our unpublished decisions, the term conveys the heart of the matter—that the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief. *See* 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [§ 2241] before trial.").

4

*Medina*, 875 F.2d at 1028-29.  The authorities cited in *Medina* require, at a minimum, that Petitioner must exhaust his challenges to the indictment and the constitutional validity of the criminal statutes at issue in his criminal proceedings, first at the trial court level and then on appeal. Petitioner has not so exhausted his claim.  Petitioner's failure to exhaust warrants dismissal of his petition without prejudice.

The *Medina* court did not end its analysis with the declaration that exhaustion is required.  The court continued:

> But this is not to say that federal prisoners can pursue relief under § 2241 after these avenues have been exhausted.  If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen.

*Medina*, 875 F.3d at 1029.  Although such circumstances might exist for state detainees, *see, e.g., Ex parte Royall*, 117 U.S. 241 (1886); *Thomas v. Loney*, 134 U.S. 372 (1890); *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294 (1984), there does not appear to be any case identifying the presence of such circumstances for federal pretrial detainees.  Here, the challenges Petitioner raises to his pretrial detention would be dispositive of the underlying criminal charges.  The Court has already denied relief in Petitioner's criminal proceedings.  Petitioner can appeal that determination to the United States Court of Appeals for the Sixth Circuit upon entry of judgment.  If Petitioner is unsuccessful, he can proceed under § 2255.  By that time, of course, the validity of Petitioner's pretrial or prejudgment detention will be moot.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application because Petitioner has failed to exhaust his remedies in the federal criminal proceedings.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action on preliminary review under § 2243 is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit that an issue merits review when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.


Dated: June 4, 2019                                          /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE